**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.:

STEVEN SPOONER,

    Plaintiff,

vs.

SUN AND SURF ONE HUNDRED
ASSOCIATION, INC.,
a Florida Not For Profit
Corporation,

    Defendant.
_____/

**COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, STEVEN SPOONER ("Mr. Spooner" or "Plaintiff"), by and through his undersigned counsel, files this Complaint against Defendant, SUN AND SURF ONE HUNDRED ASSOCIATION, INC. ("Defendant" or "SS100"), and in connection therewith states as follows:

1. Plaintiff brings this action for disability discrimination and retaliation based on disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act, Chapter 760, Florida Statutes ("FCRA").

2. Plaintiff is seeking damages including back pay, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages and his attorneys' fees and costs.

**PARTIES**

3. Plaintiff is an adult individual who, at all times relevant, worked for Defendant in Palm Beach County, Florida.

4. SS100 is a Florida not for profit corporation that operates and conducts substantial business in Palm Beach County, Florida, and is therefore within the jurisdiction of this Court.

5. Plaintiff is or was, at all times relevant, a disabled male. At all times material, Plaintiff was protected during his employment with Defendant by the FCRA and ADA because:

    a. Plaintiff was a disabled employee who suffered discrimination and harassment because of his disability by Defendant; and

    b. Plaintiff was discriminated against and suffered adverse employment action, and was subjected to an increasingly hostile work environment, and ultimately termination, as a result of his disability, his requests for reasonable accommodation for same, and his objections to the discrimination.

6. Defendant was at all material times an "employer" as defined by the ADA and by § 760.02(7), Fla. Stat., as it employed in excess of fifteen (15) employees.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331 as they arise under 42 U.S.C. § 12101, *et seq*.

8. This Court has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same set of operative facts and circumstances as his ADA claims.

9. Plaintiff worked for Defendant in Palm Beach, Palm Beach County, Florida, and therefore the proper venue for this case is the West Palm Beach Division of the Southern District of Florida.

## CONDITIONS PRECEDENT

10. On or about November 28, 2022, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), and the Florida

Commission on Human Relations ("FCHR").

11. On July 31, 2024, The EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on his claims within ninety (90) days of his receipt of the same.

12. More than one-hundred-and-eighty (180) days have passed since the filing of Plaintiff's FCRA claims, rendering Plaintiff's FCRA claims ripe for filing.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant, and has complied with all administrative prerequisites.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Mr. Spooner worked for SS100, most recently as a Building Manager, from January 27, 2015, until his termination on March 15, 2022.

16. Unfortunately, in the beginning of March, 2022, Mr. Spooner suffered a relapse and flareup of a disability of which SS100 had been aware, specifically alcoholism.

17. On March 4, 2022, Mr. Spooner disclosed to his SS100 Manager, Brandt Wilkes, the fact that he was suffering a relapse and flareup of his disability.

18. Mr. Spponer asked Mr. Wilkes and SS100 to provide him the reasonable, non-burdensome accommodation of time to attend medical appointments and therapy to treat and address the relapse and flareup of his disability.

19. Very shortly thereafter, on March 15, 2022, Mr. Wilkes and and another SS100 Supervisor, Glenn Robinov, called Mr. Spooner on the phone and informed Mr. Spooner that SS100 had decided to terminate his employment, effective immediately.

20. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for its actions.

21. SS100 terminated Mr. Spooner owing to his disabilities and his requests for reasonable, non-burdensome accommodation.

22. The timing of Plaintiff's disclosure of his disabilities, his requests for accommodation, and SS100's termination of Plaintiff, creates a close temporal proximity between the events.

23. Mr. Spooner's health condition is considered a protected disability under the ADA.

24. Plaintiff was qualified to perform the essential functions of the position, but SS100 believed that due to his disability, Plaintiff could not continue employment with Defendant.

25. The ADA and the FCRA require an employer to provide its disabled employees with reasonable accommodation, if such reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship.

26. Defendant failed to accommodate Plaintiff's disability and related symptoms.

27. Defendant's actions are the exact type of unfair employment practices that the ADA and the FCRA were intended to prevent.

28. Defendant lacked a good faith basis for its actions.

29. The facts surrounding Plaintiff's discharge create a strong inference of disability discrimination and retaliation in violation of the ADA and the FCRA.

30. SS100 was aware of Mr. Spooner's ADA- and FCRA-protected medical condition and his need for accommodation.

31. Defendant, however, being well aware of Plaintiff's disability, discriminated against Plaintiff for requiring and requesting reasonable accommodation for same, and terminated Plaintiff

in retaliation for his requests for accommodation.

32. Mr. Spooner is an individual with a disability who, with minimal reasonable accommodation, was fully capable of performing the essential functions of the Building Manager position, and had been serving SS100 and its customers effectively and loyally for many years.

33. Reasonable accommodation would have permitted Mr. Spooner to perform his job duties, and would have imposed no undue hardship on Defendant.

34. In the alternative, Defendant perceived/regarded Plaintiff as disabled based on the disclosure of his medical condition, and therefore unable to perform the essential functions of his position, despite the fact that Plaintiff could in fact perform same with or without reasonable accommodation.

35. Defendant's reason for terminating Plaintiff is direct evidence of its intent to insulate its workplace from a disabled employee, or an employee whom Defendant perceived/regarded as disabled, in violation of the ADA.

36. Defendant's termination of Plaintiff constitutes an adverse action as defined by the ADA.

37. At all times material hereto, Plaintiff was ready, willing and able to perform his job duties with or without reasonable accommodation.

38. Despite the availability of a reasonable accommodation under the ADA, which would not have caused Defendant an undue burden, and despite the fact that Plaintiff was not, would not be, and had not previously been prevented by his medical condition from completing the assigned job duties, Defendant discriminated against Plaintiff based on his disability and need for medical treatment/accommodation, and discharged Plaintiff in retaliation for his requests for accommodation.

39. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADA.

40. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity, but was treated by Defendant as if it did.

41. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

42. Defendant does not have a non-discriminatory, non-retaliatory rationale for allowing and participating in the discrimination suffered by Plaintiff.

43. Any reason provided by Defendant for its discharge of Plaintiff is a pretext and cover-up for illegal discrimination and retaliation.

44. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, he is a member of a protected class as envisioned by the ADA and the FCRA.

45. Plaintiff suffered sufficiently severe and pervasive treatment, and ultimately was discharged, because of his disability and/or "perceived disability."

46. "Reasonable accommodation" under the ADA may include "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations." 42 U.S.C. § 12111(9)(B).

47. An employer is required to provide its disabled employees with a reasonable accommodation, if that reasonable accommodation would allow that employee to perform the essential functions of his or her job, unless doing so would impose an undue hardship. *Smith v. Avatar Properties, Inc.*, 714 So. 2d 1103, 1107 (Fla. 5th DCA 1998).

48. As a result of Defendant's unlawful, discriminatory, and retaliatory termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness,

crippling anxiety, loss of consortium, and family discord.

49. Plaintiff has suffered damages as a result of Defendant's conduct, including loss of employment, wages, benefits, and other remuneration to which he is entitled.

50. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

51. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-50 of the Complaint, above, as if fully set forth in this Count.

52. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

53. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

54. Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

55. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

56. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

57. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional

distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT II- DISABILITY DISCRIMINATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

58. Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-50 of the Complaint, above, as if fully set forth in this Count.

59. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the Florida Civil Rights Act, Chapter 760, Florida Statutes.

60. The discrimination to which Plaintiff was subjected was based on his disability, or Defendant's perception that Plaintiff was disabled.

61. Defendant unlawfully terminated Plaintiff based on his medical condition and disability, and/or perceived disability, and his requests for accommodation.

62. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward him.

63. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, in order to deter it, and others, from such conduct in the future.

64. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

## COUNT III
## RETALIATION UNDER THE ADA
## BASED ON DISABILITY

79. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 50 of the Complaint, above, as if fully set forth in this Count.

80. Plaintiff was terminated within close temporal proximity of his disclosure of the flareup of his disability and his requests for accommodation.

81. Plaintiff's disclosures and his requests for accommodation constituted protected activity under the ADA.

82. Plaintiff was terminated as a direct result of his disclosures and his requests for accommodation for his disability.

83. Plaintiff's disclosures, requests for accommodation, and his termination are causally related.

84. Defendant's stated reasons for Plaintiff's termination are a pretext.

85. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

87. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

88. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT IV
## RETALIATION UNDER THE FLORIDA CIVIL RIGHTS ACT
## BASED ON DISABILITY

89. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 50 of the Complaint, above, as if fully set forth in this Count.

90. Plaintiff was discharged within close temporal proximity of his disclosure of the flareup of his disability and his requests for accommodation.

91. Plaintiff's disclosures and his requests for accommodation constituted protected activity under the FCRA.

92. Plaintiff was terminated as a direct result of his disclosures and his requests for reasonable accommodation for his disability.

93. Plaintiff's disclosures, requests for accommodation, and his termination are causally related.

94. Defendant's stated reasons for Plaintiff's termination are a pretext.

95. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

96. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

97. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

98. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in his favor and against Defendant for his actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as his costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 6th day of September, 2024.

Respectfully Submitted,

By: */s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St., Suite 316
Plantation, FL 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*